CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

April 28, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LATABUS LEMONT MANN,               )
                                   )
            Plaintiff,             )        Case No. 7:26-cv-00075
                                   )
v.                                 )        **MEMORANDUM OPINION**
                                   )
A. JAMERSON, *et al.*,             )        By:    Hon. Thomas T. Cullen
                                   )               United States District Judge
            Defendants.            )

---

Plaintiff Latabus Lemont Mann, who is proceeding *pro se*, filed this civil-rights action under 42 U.S.C. § 1983 against Defendants A. Jamerson and Dr. Bhowmick. (*See* ECF No. 1.) At the time Plaintiff filed this action, he submitted an unsigned complaint and an unsigned and incomplete application for leave to proceed *in forma pauperis*. (*See id.*; ECF No. 2.) Accordingly, on January 29, 2026, after the case was transferred to this court, the court notified Plaintiff of his failure to sign the complaint, as required by Federal Rule of Civil Procedure 11, and directed him to sign and date the complaint and return it to the court within 30 days. (ECF No. 7, at 1.) The court cautioned Plaintiff that his failure to submit a signed copy of the complaint within 30 days would result in dismissal of this action without prejudice. (*Id.* at 1–2.) The court also told Plaintiff that, to proceed with his request to pay the filing fee in installments under 28 U.S.C. § 1915(a)(2), Plaintiff must return to the court a statement of assets and a prisoner trust account report for the six-month period immediately preceding the filing of the complaint. (*Id.* at 2.) The court advised Plaintiff that the report must be filled out, signed, and dated by the appropriate official at each prison where he was confined during that

six-month period and that his failure to submit this information within 30 days would also result in the dismissal of this action without prejudice. (*Id.*)

On February 23, 2026, Plaintiff submitted an incomplete prisoner trust account report, which was signed by him and not the trust account officer at his facility. (ECF No. 8.) Plaintiff did not submit a signed copy of the complaint within 30 days of the court's January 29, 2026 order.

On March 11, 2026, the court entered another order advising Plaintiff of his need to file a signed complaint and a complete prisoner trust account report, filled out, signed, and dated by the appropriate prison official. (ECF No. 10, at 1–2.) The court again ordered Plaintiff to provide these documents within 30 days and notified him that his failure to do so would result in the dismissal of this action. (*Id.*)

It has now been more than 30 days since the court's March 11, 2026 order, and Plaintiff has not returned a signed copy of the complaint or a complete, signed prisoner trust account report, nor has he paid the full filing fee. Based on Plaintiff's repeated failure to comply with the court's orders and his failure to pay the filing fee, the court will dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) and 28 U.S.C. § 1914. The court notes that this dismissal is without prejudice to Plaintiff's opportunity to refile his claims in a separate civil action, subject to the applicable statute of limitations.

The clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 28th day of April, 2026.

/s/ *Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE